IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CARREA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-CV-762-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| H. ISERMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was removed to federal court by Defendants. (Docket No. 1.) Removal appears proper, and no objection to removal has been filed. *See* 28 U.S.C. § 1441, 1446, *et seq*. The Court now reviews the Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court also reviews Plaintiff's other pending motions. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order requiring Plaintiff to amend his Complaint if he wishes to proceed.

## REVIEW OF COMPLAINT

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A.

**INITIAL REVIEW ORDER 1**

The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff bring his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### A. Access to Courts Claim

Plaintiff alleges that his constitutional right to access the prison law library has been denied from October 7, 2007, through the date of the filing of the Complaint. He fails to state that he was injured or damaged by the denial of access.

There is no freestanding right to access a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, an inmate has a constitutional right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a civil rights lawsuit if he or she can demonstrate that an *actual injury* occurred as a result of the denial. *Lewis v. Casey*, 518 U.S. at 352-53. The right to access the courts is a limited one, aimed at ensuring that prisoners may initiate legitimate petitions challenging their criminal convictions and complaints alleging civil rights violations. *See id.* at 354.

Here, Plaintiff has not alleged an injury from his inability to access the law library

INITIAL REVIEW ORDER 2

or an inability to access the courts. The Court will provide Plaintiff with an opportunity to amend his Complaint to provide facts that would support an access to the courts claim. Failure to do so will result in dismissal of this claim without prejudice.

B.   **Equal Protection Claim**

Plaintiff alleges that his right to equal protection has been violated because Defendants would not allow him adequate time in the law library to complete his legal work, subjecting him to deprivations that white inmates were not subjected to. Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940). The Ninth Circuit has held that § 1983 claims based on Equal Protection violations "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). Equal protection claims alleging disparate treatment or classifications are subject to a heightened standard of scrutiny when they involve a "suspect" or "quasi-suspect" class, such as race or national origin, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. *See, e.g., City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985).

Plaintiff has stated no particular facts supporting an equal protection claim. His

INITIAL REVIEW ORDER  3

vague allegations are not sufficient to state a claim. Plaintiff shall have thirty (30) days in which to amend his complaint, or his claim shall be dismissed without prejudice.

### C. Instructions for Amendment

If Plaintiff wishes to file an amended complaint, he shall organize it by causes of action. Under each cause of action, he shall state the following (1) the names of the persons who personally participated in causing the alleged deprivation of his constitutional rights; (2) facts showing the person is a state actor or facts showing that non-state actors conspired with state actors to violate Plaintiff's civil rights; (3) the dates on which the conduct of each defendant allegedly took place, (4) the specific conduct or action Plaintiff alleges is unconstitutional, (5) the particular constitutional provision under which Plaintiff makes the claim, and (6) the particular type of relief he is seeking from each Defendant.

While pleading exhaustion of prison administrative remedies cannot be made a filing requirement under the law, Plaintiff may wish to briefly describe how he exhausted his administrative remedies as to each claim to avoid a motion to dismiss on that issue. Plaintiff is put on notice that failure to exhaust his claims through the highest level of the prison's grievance system before the filing of the Complaint is cause for dismissal.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[1] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C.

---

[1] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER 4

§ 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirements." *Booth v. Churner*, 532 U.S. 731, 741, n. 6 (2001). If Plaintiff did not exhaust his administrative remedies prior to filing his Complaint, he may file a notice of voluntary dismissal. If Plaintiff files nothing further in this case, it shall be dismissed without prejudice.

## PLAINTIFF'S OTHER MOTIONS

Plaintiff has filed a motion entitled, "Application for Court Order to the Full Use of the Law Library and the Local Rules of the Court." (Docket No. 5.) Plaintiff argues that he should be provided with the same access as inmates with court deadlines. The Constitution does not guarantee a prisoner unlimited access to a law library. *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir.1985). Prison officials may regulate law library access, taking into account the security risk posed by individual prisoners. *Toussaint v. McCarthy*, 801 F.2d 1080, 1109-10 (9th Cir.1986), *cert. denied*, 481 U.S. 1069 (1987). Prison officials may also regulate the time, manner, and place in which library facilities are used. *Lindquist*, 776 F.2d at 858. The Supreme Court has

INITIAL REVIEW ORDER 5

cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78 (1987).

If Plaintiff is not permitted to use the law library in the same manner as other similarly situated inmates, he should use the prison grievance system to report the issue. This Court will not order the prison to make exceptions for Plaintiff. If Plaintiff is unable to meet his court deadlines because of limited access to the law library, he may seek an extension of the deadline by filing a motion with the Court. Plaintiff also complains that he does not have a copy of the Local Rules. If this Court intends to enforce the Local Rules, Plaintiff will be so notified, including notification of the content of the Rule, in advance. For all of these reasons, Plaintiff's motion is denied.

Plaintiff similarly requests that this Court order a special procedure for him to receive his mail because he has "been told by many" of return mail from another facility. (Docket No. 6.) Again, Plaintiff must follow internal prison grievance procedures to deal with his mail issues, and he remains subject to the prison's regulations governing mail. Plaintiff's vague allegations are insufficient, and his "Application for Court Order to Receive Outside Mail" is denied.

Plaintiff has also sent correspondence to this Court that appears to be intended for a recipient within the California Department of Correction. These letters were improperly filed and docketed as a motion. (Docket No. 9.) As such, the motion is moot.

**INITIAL REVIEW ORDER  6**

Plaintiff is warned that miscellaneous correspondence should not be sent to the Court unless it is marked as an exhibit and attached to a proper motion or pleading.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's request for removal (Docket No. 1) is GRANTED. All further proceedings in this matter shall be filed under this action number in the United States District Court.

IT IS FURTHER HEREBY ORDERED as follows:

- A. Plaintiff shall file an amended complaint or a notice of voluntary dismissal within thirty (30) days after entry of this Order. Failure to file an amended complaint will result in dismissal of this case without prejudice.

- B. Plaintiff's "Application for Court Order to the Full Use of the Law Library and the Local Rules of the Court" (Docket No. 5) is DENIED.

- C. Plaintiff's Application for Court Order to Receive Outside Mail" (Docket No. 6) is DENIED.

- D. Plaintiff's Motion (Letter to CDOC re: Meaningful Access to Courts) (Docket No. 9) is MOOT.

IT IS FURTHER HEREBY ORDERED that, to improve the judicial efficiency of this case and reduce the litigation expenses of the parties, no party may shall have more than three pending motions before the Court at one time, and no party may file a motion on the same subject matter if he or she has another motion on that subject matter currently pending before the Court.

**INITIAL REVIEW ORDER 7**

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation. The Court will not consider requests made in the form of letters.

DATED: **March 10, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER 8**