UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHRISTOPHER CARREA, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>H. ISERMAN, et al.,<br><br>  Defendants. | Case No. 1:08-CV-00762-BLW-LMB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

The Court has before it a Report and Recommendation filed by the United States Magistrate Judge. (Dk. 42.) Any objections were due by February 25, 2011. Instead of filing an objection, Plaintiff filed two additional Motions for Enlargement of Time (Dkt. 43 & 45), seeking additional time to respond to Defendants' Motion to Revoke Plaintiff's in Forma Pauperis Status and to Require Plaintiff to Post Security (Dkt. 33), which has been pending since September 27, 2010.

Plaintiff previously was paroled, but did not file a response during the time he was out of prison. In addition, he requested and was provided with a sixty-day extension of time through December 21, 2010, and yet Plaintiff still filed no response. (Dkts. 38 &

**ORDER ON REPORT AND RECOMMENDATION - 1**

42.) The Court finds that adequate cause does not exist to grant Plaintiff any further extensions. Plaintiff has not shown that he could not have filed a simple, factually-based response to Defendants' motion in the six-month time period since the motion was filed.

## PLAINTIFF'S IN FORMA PAUPERIS STATUS WILL BE REVOKED

Defendants first request that Plaintiff's in forma pauperis status be revoked because he accumulated three strikes under 28 U.S.C. § 1915(g) prior to filing his suit, and Plaintiff's allegations do not show that he is in imminent danger of serious physical injury, which would except him from the three strikes rule. Plaintiff's current case alleges that he was denied access to the courts, that Defendant Overstreet retaliated against him by filing false rules violation reports, and that Defendants Knigge and Orth subjected him to arbitrary and capricious punishment.  (Dkt. 20, p. 21.)

The Court is authorized to review a litigant's in forma pauperis status "at any time" during the pendency of a case. 28 U.S.C. § 1915(e)(2). The "three strikes" provision of the in forma pauperis statute, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In Andrews v. King, 398 F.3d 1113 (9th Cir. 2005), the United States Court of Appeals for the Ninth Circuit explained the analysis used to determine whether an inmate's case is subject to the three strikes rule:

**ORDER ON REPORT AND RECOMMENDATION - 2**

> [W]e hold that if defendants challenge a prisoner-plaintiff's IFP status, then the initial production burden rests with the defendants. Thus, when challenging a prisoner's IFP status, the defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were "frivolous, malicious or fail[ed] to state a claim." § 1915(g). In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike. However, in many instances, the docket records will not reflect the basis for the dismissal. In these instances, the defendants may not simply rest on the fact of dismissal. Rather, the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was "frivolous, malicious or fail[ed] to state a claim." § 1915(g).
>
> Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike.

Id. at 1120.

Plaintiff originally filed this action in the California state court system. It was removed to federal court by Defendant Iserman, and, therefore, Defendant Iserman was required to pay the $350 filing fee. (Dkt. 1 & 2.) Plaintiff was granted in forma pauperis status because he was a prisoner. The magistrate judge later mistakenly ordered Iserman to be served with process, which was accomplished by the U.S. Marshal. The other Defendants accepted service of process.

Defendants point to eight different cases in which Plaintiff has been assessed a strike. The Court has reviewed the following cases and finds at least four are frivolous or malicious: (1) Carrea Christopher Jr. v. Los Angeles County, C.D. Cal. No. 2:00-cv-09542-CAS-MLG, where Plaintiff had an opportunity to amend his complaint, and where

**ORDER ON REPORT AND RECOMMENDATION - 3**

the magistrate judge noted: "[a] review of both the original and first amended complaints clearly reveals that plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief," which was adopted by the district court, ending in dismissal of the case with prejudice. (Dkt. 33, Ex. A & B); (2) Carrea v. University of Southern California, C.D. Cal. Case No. 03-cv-4317-UA-MAN, where the magistrate judge recommended dismissal because the case was "legally and/or factually frivolous," and the recommendation was adopted and the case dismissed (Exhibit G, Dkt. 33-13; see Order at Dkt. 2 in 2:03-cv-04371-UA-MAN); (3) Carrea v. University of San Diego, S.D. Cal. Case No. 03-cv-01151-BTM-BEN, dismissed with prejudice for failure to state a claim (Exhibit F, Dkt. 33-12; see Order at Dkt. 3 in 3:03-cv-01151-BTM-BEN); and (4) Carrea v. San Diego County, S.D. Cal. Case No. 09-cv-0371-W-BLM, in which the complaint was dismissed as frivolous and duplicative of another case Plaintiff was already litigating (Dkt. 33, Ex. N). In addition, Defendants furnish a copy of a report showing that Plaintiff has been declared a vexatious litigant in the California state courts. (Dkt. 33, Ex. Q.)

A complaint may be declared exempt from the three strikes bar if its allegations show that the plaintiff "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). There is no indication in the record that Plaintiff is in imminent danger of serious physical injury. Therefore, this exception does not apply.

Accordingly, the Court will grant Defendants' Motion to Revoke Plaintiff's in Forma Pauperis Status. Because the fee has already been paid, this action will have little effect at this point in time.

**ORDER ON REPORT AND RECOMMENDATION - 4**

## PLAINTIFF MUST POST A BOND

Defendants also request that Plaintiff be required to post a bond as security for their costs in litigating this action. Several sources permit the Court to order a plaintiff to offer security. *Simulnet East Associates v. Ramada Hotel Operating Company*, 37 F.3d 573, 574 (9th Cir. 1994). One purpose of authorizing security is to allow the court to have some control over the administration of a lawsuit. *Leighton v. Paramount Pictures Corp.*, 340 F.2d 859, 860-61 (2d Cir. 1965). In determining whether to impose a bond, the court may "take all the pertinent circumstances into account including the conduct of the litigants and the background and purpose of the litigation." *Leighton*, 340 F.2d at 861.

Additionally, "[w]hile no federal statute authorizes security for costs, the District Courts may make their own rules not inconsistent with the Federal Rules of Civil Procedure." *Russell v. Cunningham*, 233 F.2d 806, 811 (9th Cir. 1956) (citing Fed.R.Civ.P. 83). Accordingly, Eastern District of California Local Civil Rule 151(b) permits the court to order a party to give security, a bond, or an undertaking in such amount as the court may at any time determine to be appropriate. Rule 151(b) also adopts and incorporates the provisions of Title 3A, part 2, of the California Code of Civil Procedure, which provides the court with authority to order the giving of security from parties deemed to be vexatious litigants. To require a party to furnish security under that provision, however, the court must find both that the party is a vexatious litigant, as defined by the Code, and that there is no reasonable probability that the party will prevail in the litigation.

**ORDER ON REPORT AND RECOMMENDATION - 5**

1. **Plaintiff is a Vexatious Litigant**

The Court agrees with Defendants that there is evidence to support a finding that Plaintiff is a vexatious litigant as that term is defined by California Code of Civil Procedure § 391, because Plaintiff has had "at least five litigations other than in a small claims court that have been finally determined adversely" to him in the seven-year period before he filed this lawsuit. Cal. Code Civ. P. § 391(b)(1). In that seven-year period, the following cases, at least, were decided adversely to Plaintiff:

1. Christopher Carrea, Jr. v. Los Angeles County, C.D. Cal. Case No. 2:00-cv-09542 CAS-MLG, dismissed on March 28, 2002, for failure to state a claim on which relief may be granted.

2. Christopher Carrea, Jr., v. University of Southern California, C.D. Cal. Case No. 2:03-cv-04317 UA-MAN, dismissed as frivolous and for failure to pay the filing fee on September 3, 2003.

3. Christopher Carrea, Jr. v. State of California, S.D. Cal. Case No. 3:03-cv-01956 K-POR, dismissed on April 30, 2004, for failure to state a claim and for failure to pay the filing fee or to seek for in forma pauperis status.

4. Christopher Carrea, Jr. v. State of California, C.D. Cal. Case No. 2:05-cv-06023 UA-RNB, dismissed on September 6, 2005, in part, on the grounds that defendants were immune from liability.

5. Christopher Carrea, Jr. v. Barnhart, S.D. Cal. Case No. 3:07-cv-0440 DMS-CAB, dismissed on May 12, 2008, after revoking Plaintiff's in forma

**ORDER ON REPORT AND RECOMMENDATION - 6**

pauperis status based on the court's finding that Plaintiff had three strikes.

6. Christopher Carrea, Jr. v. San Diego County, S.D. Cal. Case No. 3:07-cv-00809 H-AJB, dismissed on August 15, 2007, for failure to pay the filing fee.

Plaintiff was also previously declared a vexatious litigant in the California state courts, Superior Court of San Diego County, as of June 25, 1999.[1] (Dkt. 33, Ex. Q.)

### 2. There is No Reasonable Probability that Plaintiff Will Prevail

Defendants must also establish that "there is not a reasonable probability that [Plaintiff] will prevail in the litigation." *Cramer v. Target Corp.*, 2010 WL 95851 *4 (E.D. Cal. 2010). Courts may weigh the evidence, if necessary, in determining whether there is a reasonable probability of success. *See Moran v. Murtaugh, Miller, Meyer & Nelson, LLP.*, 152 P.3d 416, 418-19 (Cal. 2007).

Plaintiff's First Amended Complaint survived initial screening only as to three claims: (1) Defendants Iserman, Overstreet, Lindenbaum, Orth, and Knigge allegedly deprived him of access to the courts regarding the dismissal of Southern District of California Case, *Carrea v. San Diego County et. al.*, Case No. CV 07-809; (2) Defendant Overstreet purportedly filed a false rules violation report; and (3) a rule that Plaintiff allegedly violated conflicts with another prison rule, rendering his punishment arbitrary

---

[1] The Court notes that it makes no finding here that Plaintiff is a vexatious litigant for purposes of instituting a pre-filing review order in federal court. The narrow issue before the Court is whether a bond must be posted in this case before Plaintiff may proceed.

**ORDER ON REPORT AND RECOMMENDATION - 7**

and capricious. (Dkt. 20, pp. 15, 21.)

      (a) <u>Access to Courts</u>

Plaintiff alleges that his lawsuit in the United States District Court for the Southern District of California, Case No. CV 07-0809, was dismissed after Defendants prevented him from accessing the law library. Defendants argue that Plaintiff has failed to state a claim on which relief may be granted.

There is no freestanding right to access a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, an inmate has a constitutional right to access the courts, *Bounds v. Smith*, 430 U.S. 817, 817, 821, 828 (1977), and may recover for denial of that right in a civil rights lawsuit if he or she can demonstrate that an actual injury occurred as a result of the denial. *Lewis v. Casey*, 518 U.S. at 352-53. The right to access the courts is a limited one, aimed at ensuring that prisoners may initiate legitimate petitions challenging their criminal convictions and complaints alleging civil rights violations. *See id.* at 354.

The case about which Plaintiff complains was dismissed without prejudice because he did not submit a copy of his prison trust account to support his request to proceed in forma pauperis. (Dkt. 33, Ex. P.) There is no allegation or evidence that he needed access to the law library to retrieve that type of documentation. Additionally, the court gave Plaintiff 45 days to pay the filing fee or to submit a new application to proceed in forma pauperis, but he did not respond in any fashion. It appears, as Defendants contend, that Plaintiff simply gave up on the lawsuit. (Dkt. 33, p. 10.) Therefore, it is not reasonably

**ORDER ON REPORT AND RECOMMENDATION - 8**

likely that Plaintiff will be able to prove that Defendants were the cause of the dismissal of his lawsuit.

(b) Retaliatory Conduct

The next claim that the magistrate judge allowed to go forward was based on Plaintiff's allegation that Defendant Overstreet retaliated against him by filing a false rules violation report of "mutual combat" when Plaintiff complained about his lack of access to the law library. Based on the reports attached to Plaintiff's First Amended Complaint, however, the rules violation report for mutual combat was not issued by Defendant Overstreet, but was instead issued by the librarian. (*First Amended Complaint*, p. 11.) Overstreet's involvement was limited to approving the hearing officer's finding of not guilty on that rules violation allegation and on another allegation that Plaintiff had missed a medical appointment.

A potentially meritorious retaliation claim must allege the following: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Here, on these facts, Overstreet took no adverse action against Plaintiff because of his protected conduct, and it is unlikely that Plaintiff will prevail against him on a theory of unconstitutional retaliation.

(c) Arbitrary Punishment

**ORDER ON REPORT AND RECOMMENDATION - 9**

Plaintiff was also allowed to go forward with a due process claim that Defendants Knigge and Orth subjected him to arbitrary punishment. In its Initial Review Order, the magistrate judge noted that Plaintiff was allowed to proceed only on a theory that he was punished despite the fact that the rule he allegedly violated conflicted with another prison policy or custom to which he was expected to adhere. (Dkt. 20, p. 21.) Defendants argue that Plaintiff failed to exhaust his administrative remedies as to this particular claim and, as a consequence, that he is not reasonably likely to prevail on the merits.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). This requirement is intended to give "prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." Id. at 204.

Proper exhaustion is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88 (2006). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218.

**ORDER ON REPORT AND RECOMMENDATION - 10**

Under California Department of Corrections and Rehabilitation (CDCR) regulations, prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Tit. 15, § 3084.1(a) (2008). Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed under certain circumstances. Id., at § 3084.5. The grievance or appeal must be initiated within 15 working days of the event or decision. Id., at § 3084.6(c). Completion of the third level, also known as the Director's Level, exhausts the remedy. Id., at § 3084.1(a).

In the present case, the punishment about which Plaintiff complains was imposed on May 10, 2008. (*First Amended Complaint*, Ex. B.) Under CDCR regulations, he had 15 working days from that date to file a grievance and he was required to appeal at each level of review until he reached the Director's Level. Defendants' counsel has attached a copy of Plaintiff's grievance appeal history from the Sierra Conservation Center and the Inmate Appeals Board for the relevant time, and she asserts that Plaintiff did not file a timely grievance on this issue that was appealed to the Director's Level. (Dkt. 33-1, Exhibits U, V.) A review of the records appears to confirm that view, and it is likely that this claim will be subject to dismissal for lack of exhaustion.

Based on the foregoing, Defendants have shown that Plaintiff is a vexatious litigant, as defined by California Code of Civil Procedure § 391, для purposes of posting security, and that the there is no reasonable probability that he will prevail.

**ORDER ON REPORT AND RECOMMENDATION - 11**

Attached to Defendants' Motion is a declaration from counsel stating that based on her experience in defending prisoner litigation, she conservatively estimates that the cost to defend this action would be $2,500.00, and Defendants seek security in that amount. The Court finds this estimate to be reasonable, and orders that plaintiff post a $2,500.00 bond within twenty days of the date this order is filed. If no bond is posted within that time, the action will be dismissed without prejudice without further notice.

## ORDER

**IT IS ORDERED:**

1. The Report and Recommendation (Dkt. 42) is not adopted but is deemed MOOT, as a result of Plaintiff deciding to pursue this lawsuit after the magistrate judge found that Plaintiff failed to file a response to the pending Motion.

2. Plaintiff's Motions for Extension of Time (Dkt. 43 & 45) are DENIED.

3. Defendants' Motion to Revoke Plaintiff's in Forma Pauperis Status (Dkt. 33) is GRANTED. Plaintiff's in forma pauperis status is REVOKED.

4. Defendants' Motion to Require Plaintiff to Post Security (Dkt. 33) is GRANTED. Plaintiff is ordered to post security in the amount of $2,500.00 within twenty (20) days after the date this Order is filed. If Plaintiff posts security, Defendants' Motions to Dismiss shall be filed no later than **May 31, 2011.** If Plaintiff fails to post security, then this case will be dismissed without prejudice.

**ORDER ON REPORT AND RECCOMENDATION - 12**



DATED:  **March 31, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER ON REPORT AND RECOMMENDATION - 13**