UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| CHRISTOPHER CARREA, JR.,<br><br>                    Plaintiff,<br><br>          v.<br><br>  H. ISERMAN, et al.,<br><br>                    Defendants. | Case No. 1:08-CV-00762-BLW-LMB<br><br>**ORDER** |

The Court previously concluded that Defendants showed that Plaintiff is a vexatious litigant, as defined by California Code of Civil Procedure § 391, for purposes of posting security, and that there is no reasonable probability that he would prevail in his current action. Therefore, Plaintiff was required to post a $2,500.00 bond within twenty days after entry of the Order of March 31, 2011. (Dkt. 49.) Plaintiff was warned that, if no bond was posted within that time, the action would be dismissed without prejudice without further notice.

Rather than filing the bond, Plaintiff has filed several motions. He has filed an "Application for Review of the 'Order on Report and Recommendation' De Novo." (Dkt. 52.) To the extent that the Motion should be deemed a motion to reconsider, it is

**ORDER - 1**

meritless, based on the grounds set forth in Defendant's Opposition. (Dkt. 59.) "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v. Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). Plaintiff has not met his burden to show that a different result is warranted.

Plaintiff cites to *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), to support his request for reconsideration. In *Hebbe*, the Court allowed a prisoner-plaintiff to proceed on an access to courts claim when the prison allegedly blocked the prisoner's access to the law library while the prisoner was on "lock-down" status, which prevented the prisoner from researching and filing a pro se appellate brief after his counsel filed a "no issue" brief and withdrew from the case.

Here, Plaintiff's case differs from the facts of *Hebbe*, because Plaintiff is alleging that he needed to obtain a prison trust account statement, but he provided no causal links between accessing the law library and obtaining a prison trust account statement–which is not available in the library but issued by the prison upon written request. *See* Cal. Code Reg. title 15, § 3090(e). In addition, in the underlying case at issue, the court gave Plaintiff 45 days to pay the filing fee or submit a new in forma pauperis application, but Plaintiff did not respond to the order in any fashion, including to report that he was unable to obtain a prison trust account statement. Rather, it appears that Plaintiff lost

ORDER - 2

interest in the case.

Again, the Court concludes it is not reasonably likely that Plaintiff will be able to prove that Defendants were the cause of the dismissal of his lawsuit. Plaintiff's retaliation and due process claims fare no better, for the reasons set forth in the Court's earlier Order. (Dkt. 49.) Because Plaintiff has not met his burden on any of the grounds required for reconsideration, the Motion will be denied as moot.

Plaintiff has also filed a "Motion for Certificate of Appealability." (Dkt. 55.) A certificate of appealability is applicable only in habeas corpus cases. Accordingly, the Motion will be denied as moot.

Plaintiff also argues that he is not subject to the three strikes rule for several different reasons. However, Plaintiff is ignoring the fact that it is not the three strikes provision that is keeping him from proceeding, it is that he must provide a bond, as a vexatious litigant, as defined by California Code of Civil Procedure § 391.1, adopted by the Eastern District under Local Rule 151(b).

Plaintiff has also filed an "Application for Extension of Time to Pay the filing or In the Alternative, File Forma Pauperis." (Dkt. 61.) Plaintiff requested an extension of time through July 4, 2011, in which to pay the filing fee, which, the Court presumes, means obtain the $2,500 bond. July 4th has come and gone, and Plaintiff has not posted the bond. The Court will grant the Motion in the manner requested by Plaintiff, but it concludes that Plaintiff has failed to post the bond at all, and, therefore, the case will be dismissed without prejudice. However, because Plaintiff may have been awaiting a ruling

ORDER - 3

on his Motion before posting his bond, Plaintiff may file a motion to re-open the case if

he posts the bond within 21 days after entry of this Order.

Plaintiff has also filed a "Notice of Defendant CDCR's Failure to Provide

Administrative Remedies." (Dkt. 63.) This Motion concerns new allegations that are not

the subject of the current lawsuit and concerns an entity not a party to this lawsuit. To the

extent that Plaintiff's Notice can be construed as a request for preliminary injunctive

relief in this case, the Court finds such a request inappropriate. *See Devose v. Herrington*,

42 F.3d 470, 471 (8th Cir. 1994).

In *Devose*, the court explained:

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *See Dataphase Sys., Inc., v. C L Sys., Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

42 F.3d at 471.

Plaintiff may attempt to bring these unrelated claims in a separate case if he

**ORDER - 4**

wishes;[1] however, he may not pursue them in this case.  As a result, Plaintiff's Notice, construed as a motion for relief, will be denied as moot.

## ORDER

**IT IS ORDERED:**

1.     Plaintiff's "Application for Review of the 'Order on Report and Recommendation' De Novo" (Dkt. 52) IS DENIED.

2.     Plaintiff's "Motion for Certificate of Appealability" (Dkt. 55) is DENIED as MOOT.

3.     Plaintiff's "Application for Extension of Time to Pay the Filing or In the Alternative, File Forma Pauperis" (Dkt. 61) is GRANTED to the extent that Plaintiff requested an extension of time to post the bond through July 4, 2011 (July 5, 2011, the first business day after the holiday), and it is DENIED as to any further extension beyond that date.

4.     Plaintiff's case is DISMISSED without prejudice. However, Plaintiff may file a motion to re-open the case if he posts the bond within 21 days after entry of this Order.

5.     Plaintiff's "Notice of Defendant CDCR's Failure to Provide Administrative Remedies" (Dkt. 63), construed as a request to review Plaintiff's parole, is

---

[1] It may be the case that Plaintiff's claims are more appropriately brought in habeas corpus, which requires exhaustion through the highest level of the state court system before a federal petition can be entertained. Plaintiff is encouraged to consult an attorney regarding his parole-related claims.

**ORDER - 5**

DENIED as MOOT.



DATED:  **September 26, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**ORDER - 6**